UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BONNIE KRAMER, | ) | CASE NO.: 1:25-cv-00797 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| 4447 PROPERTY, LLP, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff Bonnie Kramer's ("Kramer") Motion for Default Judgment against Defendant 4447 Property, LLP. (Doc. 10.) Kramer requests injunctive relief, attorneys' fees, and costs. (*Id.*) For the reasons stated herein, the Motion for Default Judgment (Doc. 10) is GRANTED.

I. **BACKGROUND**

A. **Complaint Allegations**

Kramer suffers from multiple sclerosis, uses a wheelchair, utilizes a service animal, and is an individual with a disability as defined by the Americans with Disabilities Act ("ADA"). (Doc. 4 at ¶ 4.)[1] On several occasions, Plaintiff went to Grill 55 restaurant, located at 441 Euclid Avenue, Cleveland, Ohio. (*Id.* at ¶ 7.) Grill 55 was a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181, 28 C.F.R. § 36.104. (*Id.* at ¶ 8.) Defendant 4447 Property, LLP owned, leased, leased to, or operated Grill 55. (*Id.* at ¶ 9.)

---

[1] Because default was entered against Defendant 4447 Property, LLP, the complaint allegations regarding liability are presumed true. *See Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016); *see also* Fed. R. Civ. P. 8(b)(6).

On or about January 15, 2025, Kramer went to Grill 55.  (*Id.* at ¶ 11.)  Kramer alleges there were several architectural barriers present that prevented or restricted her access to the property in violation of the ADA.  (*Id.* at ¶ 13.)  Such barriers included: (1) the ramp for wheelchair users was improper for an individual in a wheelchair; (2) designated accessible parking had improper signage; (3) improper ramp for a disabled individual in a wheelchair; (4) the threshold entrance was too high and created a hazard for wheelchair users; (5) there was no accessible seating for a disabled individual in a wheelchair to use; (6) the mirror in the women's restroom was too high for an individual in a wheelchair to use; (7) the sink in the women's bathroom was inaccessible to an individual in a wheelchair; (8) the soap dispenser in the women's restroom was out of reach for an individual in a wheelchair; (9) the paper towel dispenser blocked access to the door such that an individual in a wheelchair could not utilize it.  (*Id.* at ¶ 15.)

While at Grill 55, she personally suffered discrimination because of her disability.  (*Id.* at ¶¶ 14, 16.)  To Kramer, she, and all others similarly situated, will continue to suffer such discrimination due to 4447 Property, LLP's ADA violations.  (*Id.* at ¶ 17.)  4447 Property, LLP also violated Ohio Revised Code § 4112.02 by denying her full enjoyment of a place of public accommodation.  (*Id.* at ¶¶ 31-32.)

Kramer planned return to Grill 55 in May 2025 but the barriers in existence deterred her from doing so.  (*Id.* at ¶ 12.)  It would be readily achievable for 4447 Property, LLP to remove the alleged architectural barriers.  (*Id.* at ¶ 12.)

### B. Procedural History

On April 21, 2025, Kramer filed this lawsuit.[2] (Doc. 1.) On April 29, 2025, Kramer filed an amended complaint raising two claims against 4447 Property, LLP: Violation of the ADA (Count One); and Violation of the Ohio Revised Code (Count Two). (Doc. 4.)

On May 8, 2025, 4447 Property, LLP's designated agent was served by personal service. (Docs. 7, 8.) Accordingly, service was proper under Federal Rule of Civil Procedure 5.

4447 Property, LLP failed to plead, move, or respond to allegations in the time specified by Federal Rule of Civil Procedure 12(a). (Doc. 8.) On June 5, 2025, Kramer moved for an entry of default against 4447 Property, LLP pursuant to Federal Rule of Civil Procedure 55(a). (*Id.*) The clerk entered default on June 5, 2025. (Doc. 9.) Kramer now moves for default judgment against 4447 Property, LLP pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 10.) She supports her motion with a verification of fees and an expert inspection report documenting the ADA violations. (*See* Docs. 10-1, 10-2, 10-3.) Kramer seeks injunctive relief and an award of attorneys' fees and costs. (Doc. 10 at 50-63.)[3]

## II. LAW AND ANALYSIS

### A. Standard of Review

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default under Rule 55(a), the

---

[2] Plaintiff brought the initial complaint against Defendant FUT, LLC. (*See* Doc. 1.) In her amended complaint, Plaintiff drops FUT, LLC as a defendant and brings claims against Defendant 4447 Property, LLP. (*See* Doc. 4.)

[3] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

party seeking relief may apply for a default judgment under Rule 55(b). On June 5, 2025, Kramer applied for an entry of default against 4447 Property, LLP. (Doc. 8.) The same day, the clerk entered default against 4447 Property, LLP. (Doc. 9.)

Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Unlike allegations on liability, damages allegations are not taken as true at this stage in litigation. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). Instead, the court must "'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Federal Rule of Civil Procedure 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." But by its terms, the rule "does not require the district court to conduct an evidentiary hearing." *Vesligaj*, 331 F. App'x at 354-55 (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")).

  **B.**  **Liability**

    **1.**  **ADA Violation (Count One)**

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a

place of public accommodation." 42 U.S.C. § 12182(a).  Under Title III, discrimination includes:

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable . . . .

42 U.S.C. § 12182(b)(2)(A)(iv).

As a public restaurant, Grill 55 is a place of public accommodation.  4447 Property, LLP owned, leased, leased to, or operated Grill 55.  (Doc. 4 at ¶¶ 8, 9.)  Kramer encountered these barriers and plans to return to the restaurant, so she has demonstrated the requisite threat of future injury necessary to establish standing.  *See Neal v. Morales Real Est. Invs., Ltd.*, No. 2:18-cv-632, 2020 U.S. Dist. LEXIS 110347, 2020 WL 3433149, at *2-3 (S.D. Ohio June 23, 2020) (explaining standing requirements for ADA physical barrier claims); *see also Wagner v. ST Powell, LLC*, No. 2:24-cv-1045, 2025 U.S. Dist. LEXIS 186790, 2025 WL 2711394, at *3 (S.D. Ohio Sept. 23, 2025).

The expert inspection report documents seven separate violations of federal accessibility regulations enacted to enforce the ADA.  (*See* Doc. 10-3 at 76-79.)  The architectural barriers include an improper wheelchair ramp, improper designated parking, a hazardous threshold entrance, no accessible seating, and various accessibility issues in the restroom.  It would be readily achievable for 4447 Property, LLP to remove the alleged architectural barriers.  (Doc. 4 at ¶ 12.)  Kramer has presented sufficient evidence that 4447 Property, LLP violated the ADA.

### 2. Ohio Revised Code Violation (Count Two)

Ohio Revised Code § 4112.02(G), makes it an unlawful discriminatory practice:

> [f]or any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.

Ohio Rev. Code § 4112.02(G).  "Because disability discrimination under Ohio law is treated similarly to discrimination under the ADA, '[the court] may review [the plaintiff's] state and federal claims solely under the ADA analysis.'" *Rosebrough v. Buckeye Valley High Sch.*, 582 F. App'x 647, 650 (6th Cir. 2014) (quoting *Rosebrough v. Buckeye Valley High Sch.*, 690 F.3d 427, 431 (6th Cir. 2012)).

Based on the above ADA analysis, Kramer demonstrated that 4447 Property, LLP discriminated against her on the basis of her disability by failing to provide her equal access to its facilities.  Kramer has provided sufficient evidence that 4447 Property, LLC violated Ohio Revised Code § 4112.02(G).

### C.     Damages

#### 1.     Injunctive Relief

Pursuant to 42 U.S.C. § 12188, a disabled individual may seek injunctive relief if they have been denied access to a place of public accommodation.  The "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter." 42 U.S.C. § 12188(a)(2).

The Court applies a four-factor test when considering whether to award permanent injunctive relief to a prevailing plaintiff.  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 390, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006).  The plaintiff must demonstrate: (1) that she suffered an irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship between the plaintiff and the defendant warrants an equitable remedy; and (4) the public's interest will be served by the injunction.  *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (citing *eBay*, 547 U.S. at 391).

Permanent injunctive relief is warranted here.  First, Kramer suffered an irreparable injury.  Because of the documented ADA accessibility violations, 4447 Property, LLP has denied

Kramer equal access to a place of public accommodation because of her disability.  Second, there is no adequate remedy at law under the ADA because the ADA does not allow private litigants to recover monetary damages.  *See* 42 U.S.C. § 12188(a) (citing § 2000a-3(a).)  Third, there is no hardship in requiring 4447 Property, LLP to come into compliance with the ADA.  It would be readily achievable for 4447 Property, LLP to remove the architectural barriers.  And fourth, the public interest will be served by requiring 4447 Property, LLP to make Grill 55 accessible to disabled individuals.  Kramer's request to order Grill 55 closed until the violations are remedied is unnecessary.  *See Wagner*, 2025 WL 2711394, at *3.

Accordingly, pursuant to Federal Rule of Civil Procedure 65 and 42 U.S.C. § 12188, Kramer's request for a permanent injunction is granted as follows:

> 4447 Property, LLP is permanently enjoined from discriminating against individuals with disabilities in violation of the ADA.  4447 Property, LLP is ordered to remedy the accessibility barriers and code violations at Grill 55 restaurant, located at 441 Euclid Avenue, Cleveland, Ohio, as identified in the expert inspection report (Doc. 10-3), to make the facility readily accessible to and usable by individuals with disabilities.

### 2. Attorneys' Fees

Pursuant to 42 U.S.C. § 12205, a court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ."  To determine reasonable attorneys' fees in an ADA case, a court starts with the baseline "lodestar" amount.  *Betancourt v. Indian Hills Plaza LLC*, 87 F.4th 828, 831 (6th Cir. 2023).  The lodestar amount has two inputs that are multiplied together.  *Id.*  The first is the number of hours reasonably expended by the prevailing attorneys.  *Id.*  The second is a reasonable hourly rate, which is derived from "prevailing market rates" in the community.  *Betancourt v. Indian Hills Plaza LLC*, 87 F.4th 828, 831 (6th Cir. 2023).

Here, Kramer is the prevailing party.  Kramer requests attorneys' fees for 14.50 hours of work at a rate of $400.00 per hour for legal services by attorney Pete M. Monismith, totaling

$5,800.00. (Doc. 10 at 62.) She also requests paralegal fees for 1.60 hours of work at a rate of $115.00 per hour, totaling $184.00. (*Id.*) Kramer supports her request with a verification of fees from her counsel, which includes a line-item ledger of her counsel's billed attorney and paralegal fees with descriptions of the work completed for each billing entry. (Doc. 10-1 at 66-69.)

Kramer's counsel's hours are reasonably expended based on the needs of the case and they are properly tracked and described in the billing log. Counsel is experienced in this area of law, obtained positive results for the client, and his hourly rate of $400.00 for an attorney with over 20 years of experience is in line with an appropriate rate in the Northern District of Ohio for this type of litigation. *See Cooley v. Chirag Enter., LLC*, No. 4:23-cv-185, 2023 U.S. Dist. LEXIS 179552, 2023 WL 6518093, at *2 (finding attorney rate of $425 and paralegal rate of $250 reasonable in ADA case); *Shumway v. Devashree Inv. Inc.*, No. 3:20-cv-2768, 2021 U.S. Dist. LEXIS 77252, 2021 WL 1578078, at *1 (N.D. Ohio Apr. 22, 2021) (finding attorney rate of $425 reasonable in ADA case); *Disabled Patriots of Am., Inc. v. Rsrv. Hotel, Ltd.*, 659 F. Supp. 2d 877, 894 (N.D. Ohio 2009) (finding rate of $350 reasonable in ADA case). The Court awards attorneys' fees in the requested total amount of $5,984.00.

    3.    **Costs**

A court may also award litigation expenses and costs to prevailing parties under 42 U.S.C. § 12205 and Federal Rule of Civil Procedure 54(d). Kramer's requested litigation costs of $1,690.00 are itemized and include the $405.00 filing fee, the $85.00 process server fee, and $1,200.00 in expert fees. (Doc. 10-1 at 70.) Courts in this district have awarded comparable filing fees, process server fees, and expert fees as costs. *See Shumway*, 2021 WL 1578078, at *2 (awarding $400 in filing fees, $140 for service of process, and $650 in expert fees in ADA case); *Kramer v. Port Hospitality, LLC*, No. 1:06-cv-2889, 2008 U.S. Dist. LEXIS 39907, 2008 WL

2097156, at *1 (N.D. Ohio May 16, 2008) (awarding $6,175 in expert fees in ADA case). Accordingly, the Court awards costs in the requested total amount of $1,690.00.

## III. CONCLUSION

For the reasons stated herein, Plaintiff Bonnie Kramer's Motion for Default Judgment (Doc. 10) is GRANTED. The Court hereby enters final judgment in favor of Plaintiff Bonnie Kramer and against Defendant 4447 Property, LLP. Pursuant to 42 U.S.C. § 12188 and Federal Rule of Civil Procedure 65, Defendant 4447 Property, LLP is permanently enjoined as stated herein. Pursuant to 42 U.S.C. § 12205 and Federal Rule of Civil Procedure Rule 54(d), the Court awards $5,984.00 in attorneys' fees and $1,690.00 in costs.

**IT IS SO ORDERED.**

**Date:** November 19, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE